UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MIKE EMKE, | ) Case No.:02:05-CV-0873-BES-GWF |
| Plaintiff, | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| COMPANA, L.L.C., JEFF BARRON, and SECURA, GmbH. | ) |
| | ) |
| Defendants. | ) |

Before the Court is Defendants Compana, L.L.C. ("Compana") and Jeff Barron's ("Barron") Motion to Dismiss or Alternatively, Transfer to the Northern District of Texas (# 9) filed on October 7, 2005. Plaintiff, Mike Emke ("Emke") filed an Opposition (#13) on November 8, 2005, and Compana and Barron (collectively "Defendants") filed their Reply (# 15) on December 7, 2005. For the following reasons, Defendants' Motion to Dismiss or Alternatively, Transfer to the Northern District of Texas is granted in part and denied in part.

**I. BACKGROUND**

This lawsuit concerns a dispute over Compana's registration of the internet domain name SERVERS.COM. Defendants assert that they registered the domain name SERVERS.COM on January 19, 2003, with Secura GmbH ("Secura"), an ICANN- accredited registrar, when it became publicly available. Emke asserts that he was the rightful owner of SERVERS.COM and that he never abandoned the domain name. Thereafter, a legal dispute ensued concerning Compana's registration of the domain. Compana filed its initial complaint

in the District Court of the Northern District of Texas ("Texas Federal Court") on October 10, 2003, seeking declaratory relief against Emke and Emke and Associates. In that action, just as in this one, the dispute concerns Compana's registration of the Internet domain name SERVERS.COM.

In the Texas action, Emke and Emke and Associates filed a motion to dismiss, alleging insufficient service of process, lack of jurisdiction, and improper venue. On September 15, 2004, Magistrate Judge Jeff Kaplan issued a Report and Recommendation ("R & R") where he opined that the case should be dismissed for lack of personal jurisdiction.

According to Compana, through new counsel, it raised additional arguments in its objection to the R & R in support of its assertion of personal jurisdiction over Emke in Texas. Because these arguments and evidence were not previously addressed before Magistrate Judge Kaplan, Judge Lynn held that for the court to consider the new arguments and evidence, Compana should compensate Emke and Emke and Associates for their attorneys' fees incurred in connection with the original briefing of the matter to Magistrate Judge Kaplan.

Compana argues that it needed to join Idomain.com, Inc. ("Idomain"), the entity in which Compana obtained the domain name, SERVERS.COM. Compana voluntarily filed a Notice of Dismissal without prejudice and re-filed the original petition on December 1, 2004, in the State Court of Texas, this time seeking declaratory relief against both Emke and Idomain. By way of relief, Compana sought declaratory judgment asserting that Emke and Idomain have no rights, title or interest in the SERVERS.COM domain name, and sought damages against Emke for slander of title and tortious interference with prospective business relations arising out of Emke's allegation that Compana converted the SERVERS.COM domain name.

On February 10, 2005, Emke's counsel filed a "special appearance," removing the Texas State Action to the Texas Federal Court. As grounds for removal, Emke asserts diversity jurisdiction and federal question jurisdiction based on the Lanham Trademark Act and the Anti-Cybersquatting Consumer Protection Act of 1999. On March 3, 2005, Compana filed a Motion to Remand the action to the Texas State Court, disputing grounds for removal, and challenging the timeliness and validity of Emke's notice of removal.

1    On March 7, 2005, Emke further moved the Texas Federal Court to dismiss the recently-removed action for lack of personal jurisdiction, improper venue, and for failure to state a claim upon which relied can be granted, and to transfer venue to Nevada, California or Virginia. Compana has filed its oppositions to Emke's respective motions. Each of these motions is currently pending before the Texas Federal Court.

On July 20, 2005, Emke brought this suit against Defendants and Secura asserting three cause of actions: (1) Conversion (against Compana); (2) Conversion (against Secura); and (3) Cybersquatting (against Compana).

## II. ANALYSIS

On October 7, 2005, Defendants filed their Motion to Dismiss or Alternatively, Transfer to the Northern District of Texas. Defendants argue that the case should be dismissed for the following reasons: (1) This matter was first filed with and is currently pending before a Texas Federal Court; (2) Venue is improper; and (3) Failure to state any claim upon which relief can be granted. Alternately, Defendants seek to transfer the proceeding to the Texas Federal Court. On November 8, 2005, Emke filed an Opposition asserting (1) Defendants are subject to Nevada Jurisdiction; (2) Venue in Nevada is proper and convenient; (3) Subject matter jurisdiction is present; and (4) The Amended Complaint properly states a claim upon which relief can be granted.

On December 7, 2005, Defendants filed a Reply asserting that the only issue before this Court presently is whether the Court should assert jurisdiction and take this case from the Texas Federal and State Courts, where Emke has motions still pending and under advisement. Because there are pending motions in the Texas Federal Court, this Court will first address Defendants' Motion to Transfer this action to Texas Federal Court.

Defendants move this Court to transfer this lawsuit pursuant to 28 U.S.C. §§1404(a) and 1406(a) to Texas Federal Court. The court may transfer a case to another district "[f]or the convenience of parties and witnesses, in the interest of justice," when the case "might have been brought there originally." 28 U.S.C. § 1404 (a). The court must "balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum."

3

1  Miracle Blade, LLC v. Ebrands Commerce Group, LLC, 207 F. Supp.2d 1136, 1155 (D. Nev.
2  2002).  However, a "plaintiff's choice of forum is normally only given substantial deference if
3  the plaintiff is a resident of the district in which the action is brought.  Otherwise, this bears little
4  significance on determining whether to grant a discretionary transfer." Id.

5  Here, Emke does not reside in Nevada, but California.  In addition, as for the
6  convenience of the witnesses, it is undisputed that there are no witnesses in Nevada.
7  Furthermore, Defendants reside in Texas, where a parallel action is already pending.  This
8  factor thus tips in favor of the transfer to Texas Federal Court.

9  The interest of justice is clearly not served by adjudicating a duplicative action in this
10 forum, where the issues raised have already been raised almost two years prior and are
11 currently pending in a parallel action in Federal Texas Court.  Cambridge Filter Corp. v. Int'l
12 Filter Co., Inc., 548 F.Supp 1308, 1310 (D. Nev. 1982) ("Litigation of related claims in the
13 same tribunal is favored in order to avoid duplicitous litigation, attendant unnecessary
14 expense, loss of time to courts, witnesses and litigants, and inconsistent results.  The waste
15 of judicial resources and inconvenience to parties and witnesses are manifest when the same
16 issues arising from the same transaction are litigated in two different courts.")

17 For almost two years, the issues in this action have also been the subject of pending
18 litigation in Texas.  Indeed, at this very moment, the Texas Federal Court is considering
19 Emke's Motion to Dismiss for Lack of Personal Jurisdiction, his Motion to Strike, and his
20 opposition to Defendants' Motion to Remand to the Texas State Court where it was filed.
21 Texas Federal Court should be allowed to rule on these issues without interference from this
22 Court.

23 Finally, all relevant documentary evidence in Defendants' possession is located in
24 Texas. This factor also tips in favor of transfer.  Miracle Blade at 1157 (" Based on the location
25 of the majority of documents, it appears that transfer of this case. . . is in the interest of justice
26 because it would make trial of the case easier, more expedition, and less expensive.).

27 A transfer of this action will conserve judicial resources, avoid further waste of the
28 parties' money and time, and prevent the risk of duplicative judgments.  Transfer is favored

4

1 where it will allow consolidation with another pending action and conserve judicial resources.
2 <u>Chrysler Capital Corp. v. Woehling</u>, 663 F.Supp. 478, 483 (D. Del. 1981).
3    Based on the foregoing,
4    IT IS HEREBY ORDERED that Defendants' Motion to Dismiss or Alternatively, Transfer to the Northern District of Texas is DENIED in part and GRANTED in part.  Defendants' request for transfer is GRANTED, this case is hereby TRANSFERRED to the United States District Court, Northern District of Texas.  Defendants' Motion to Dismiss is DENIED as moot.

   DATED: This 31ST day of July, 2006.

   _____
   UNITED STATES DISTRICT JUDGE

5